BUTTS, administrator, *vs.* TRICE.

A deed to certain land made by a husband to his wife during his lifetime, and accepted by the wife at the time of its execution in lieu of dower, is not such a contract as will bar her right to dower, unless accepted and ratified after the husband's death. She is not put upon her election until his death.

(*a.*) An agreement by a wife to accept certain land from her husband, still in life, in lieu of dower, is, in effect, a sale by the wife to the husband. Whether such a relinquishment can be made under the approval of the superior court? *Quære.*

November 14, 1882.

Dower. Husband and Wife. Before W. S. WALLACE, Esq., Judge *pro hac vice.* Upson Superior Court. May Term, 1881.

Mrs. Trice applied for dower to be set apart out of the estate of her deceased husband. Butts, the administrator, filed objections to the setting apart of dower, one ground of objection being that the husband had made provision for the applicant by deed in lieu of dower, and that the same was so accepted by her. On this point the following facts appeared : Trice died in April, 1880. On April 12th, 1879, he made a deed conveying certain land to his wife, the present applicant for dower. At the close

of this deed the following clause was added, and signed by Mrs. Trice:

" And I, the said Alethia M. Trice, do voluntarily, and of my own free will and choice, consent and agree that the above be in lieu of · dower, in the event that the said James Trice shall die befcre I do. And in said event, I hereby alienate and relinquish all [right] which I may or might have had to dower or any distributive share of the real estate of the said James Trice."

The jury found in favor of the applicant.

The objector moved for a new trial on the ground, among others, that the court charged as follows and re-fused to charge to the contrary:

" The acceptance of a provision in the life-time of her husband, and during coverture, must be ratified after the death of the husband to be binding on her. That ratifi-cation must be so plain as to indicate an election on her part to so ratify the acceptance. If a deed was made to Mrs. Trice by her husband in his life-time in lieu of dower, he had a right to make such deed, notwithstanding the relation of husband and wife existed at the time the deed was executed; but she had the right after his death to accept or reject the provisions made for her and accepted by her in lieu of dower."

The motion was overruled, and the objector excepted.

M. H. SANDWICH; JOHN I. HALL; L. E. BLECKLEY, for plaintiff in error.

ROBERT F. PATILLO; J. A. HUNT, for defendant.

CRAWFORD, Justice.

This case arose upon the application of Alethia M. Trice for dower, and the record makes three questions for our decision—two of fact, and one of law. Those of fact were settled by the jury, approved by the judge, and we see no legal reason why they should be disturbed.

The question of law is, whether a deed of conveyance

to certain land made by the husband in his life-time, and accepted by the wife at the time of its execution, in lieu of dower, is such a contract as will bar her right of dower, unless accepted and ratified after the husband's death.

Under the laws of Georgia dower may be barred in several ways, one of which is by provision made by deed and accepted by the wife after the husband's death; another is by contract with him to relinquish her claim thereto, and holding to the consideration given after his death. The facts of this case show the existence of neither of these grounds against the applicant. But the law of the case turns upon the fact, that she agreed with the husband to accept the land conveyed in lieu of dower before his death, and refused to accept it afterwards.

To make this agreement binding upon the wife, it must be taken out of the provisions of the act regulating dower.

This is attempted, by invoking the change in the condition of married women since the act of 1866, which secures to them all their rights of property and the legal consequences necessarily incident thereto. But how these rights can repeal the law which protects her in the matter of dower, and in the manner by which it may be barred, we cannot see.

Dower is the right of a wife to an estate for life, in one-third of the lands of which the husband died seized and possessed, or to which the husband obtained title through her.

Now, whilst the wife is held to be a *feme sole* as to her separate estate, unless controlled by the settlement, still she is not permitted to make a contract of sale with her husband therefor, unless the same is allowed by order of the superior court of the county of her domicile.

The policy of the law is to protect the wife against the influence which the husband is presumed generally to exercise over her, and hence has placed between that influence and the alienation of her property to him the discretion of the superior court.

And what is a relinquishment of dower by the wife for a consideration but a sale of it to the husband? And whilst we do not say that she might not make such a sale, under the approval of the superior court, yet we must say that without it she can only be barred in the manner provided by law.

The record shows in this case that the widow stood upon her naked legal rights, and refused to accept the provision made by the deed in lieu of dower.

Under the law and the facts, she was not put to her election between the provision made by the deed and the dower estate until after the death of her husband.

The agreement to accept it, at most, was but a sale made to her husband, and that not executed according to law, even if it could have been done at all.

Counsel for the plaintiff in error saw this difficulty, and met it by insisting, or rather suggesting, that the approval might be had even now, and on the trial of this issue, but we do not think that the statute contemplated anything of the sort, and as we have no power to interpolate, or amend it by adding thereto such a provision, we must hold that it is too late after the death of the husband to make an incomplete, if not an invalid, contract between him and his wife complete and valid.

The consideration here claimed never passed to the wife, and consequently her rights were not affected, as they would have been had she received and retained it.

And it may be further said that all the reasons which exist for protecting the wife in such a sale as this are quite as strong as in that of a sale of her separate estate in possession. Her peace and happiness, and the family harmony, might be the reason for the acceptance of whatsoever the husband should offer, however inadequate it might be as a fair equivalent for her right of dower.

Holding, then, as we do upon the legal question made in this record, that the judge committed no such errors in

his charge to the jury as to make it necessary to remand this case, and none in refusing to grant a new trial, the judgment is affirmed.

Judgment affirmed.